**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO**

Civil Action No. 14-cv-00184-RM-KMT

OBERMEYER HYDRO ACCESSORIES, INC. d/b/a OBERMEYER HYDRO, INC.,

                Plaintiff,

v.

CSI CALENDERING, INC. d/b/a/ CSI CALENDERING SPECIALISTS, INC.

                Defendant.

---

## STIPULATED PROTECTIVE ORDER

---

The parties agree and the Court so orders for good cause shown:

1.     The parties expect to produce certain documents that contain confidential and proprietary documents and information that are not available for dissemination to the general public ("Confidential Documents"). These documents may include, but are not limited to, confidential product and pricing information. The disclosure or release of this information to anyone and particularly to competitors would undermine the parties' competitive position, and could result in immediate and severe financial hardship. Accordingly, the parties have agreed that this Protective Order may be entered by the Court for the purpose of protecting from disclosure said Confidential Documents. Notwithstanding the foregoing, the parties recognize the strong presumption in favor of public access to Court documents, and further recognize that an unduly broad definition of Confidential Documents would unnecessarily restrict public access to Court documents and burden the parties. As such, the parties agree that the documents and information designated as confidential and protected under this Protective Order shall be limited to only such documents and information (irrespective of how the documents or information are stored or maintained), testimony, or tangible things obtained during discovery in this action, that: (1) reveal a trade secret; (2) reveal confidential tests, research, development, financial information that is commercially sensitive, or other commercially sensitive information that is

otherwise entitled to protective treatment under Fed. R. Civ. P. 26(c); and (3) personal information that is protected from disclosure by applicable law, statute, or regulation.

2.     The parties shall designate the Confidential Documents as confidential by typing, stamping, or otherwise affixing the word "CONFIDENTIAL" on such documents. Typing, stamping, or otherwise affixing the word "CONFIDENTIAL" on the first page of a multi-page document, or the first page of a collection of documents that are bound or attached together in any manner, shall have the effect of designating the entirety of the document as confidential. In the case of information not readily subject to page marking, a party may clearly designate in writing at the time of disclosure that such materials are "CONFIDENTIAL."

3.     The portions of the Confidential Documents and other documents that the parties agree to produce may be produced with redaction of privileged and other information that is not discoverable in this action pursuant to Fed. R. Civ. P. 26(b). All documents that have been redacted shall be listed in a log identifying the document, the subject matter of the redactions, and the basis for making the redactions. Production of documents shall not be construed as an admission that they are relevant or admissible for purposes of trial or ruling on any dispositive motions.

4.     Each party and all persons bound by the terms of this Protective Order shall use any properly designated Confidential Documents provided to them pursuant to this Protective Order only for the purpose of prosecution or defense of this action, not for any other purpose or in any other action. Insofar as this Protective Order restricts the communication and use of the documents produced in this case, the parties (and any person who agrees to be bound hereunder) agree that they will abide by such orders after the conclusion of this litigation.

5.     Except with prior written consent from the other party, their counsel of record, or the Court, Confidential Documents, or any information contained in Confidential Documents, may not be disclosed to any person other than the following:

a.     the U.S. District Court for the District of Colorado and any court having jurisdiction of any appeal of this case, as well as the Court's staff and such employees of the Clerk of the Court as directed by the Clerk or the presiding judge. Provided, however, that such documents should be filed as Level 1 Restricted in accordance with D.C.COLO.LCivR 7.2. The party filing any Confidential Documents (the "Filing Party") shall be responsible for filing a concurrent Motion to Restrict Public Access in accordance with D.C.COLO.LCivR 7.2(c). However, should the Motion to Restrict Public Access be contested or objected to by any party

or member of the public, the Filing Party shall be under no obligation to take any action in further support of the Motion to Restrict Public Access. Rather, only the party who designated the documents as Confidential Documents under this Protective Order shall be responsible for contesting any objection to a Motion to Restrict Public Access. If the Motion to Restrict Public Access is denied, the documents will be made publicly available and will therefore no longer constitute Confidential Documents. In such event, the Filing Party shall have no liability or further obligation with respect to the documents filed.

b.     The parties (including, without limitation, any and all officers, directors, employees, and agents of the parties), the parties' counsel of record, and said counsel's partners, associates, paralegals, secretaries, and other office staff who have direct functional responsibility in representing the parties in this matter;

c.     Any mediator or a settlement conference judge assigned or retained to mediate this litigation, so long as the party is provided with a copy of this Protective Order and agrees to be bound by its terms;

d.     Consultants and experts retained for the purpose of assisting the parties in preparation and trial of this matter, so long as the party is provided with a copy of this Protective Order and agrees to be bound by its terms; and

e.     Actual or potential trial or deposition witnesses in this matter, the witnesses' counsel, and any Court reporter, provided the witness is a F.R.C.P. 30(b)(6) designee or current officer, agent, or employee of a party. For all other trial or deposition witnesses in this matter, Confidential Documents may be disclosed so long as the witnesses are provided with a copy of this Protective Order and agree to be bound by its terms. If the witness will not agree to be bound by the terms of the Protective Order, the examining attorney may only disclose Confidential Documents to the witness with leave of the Court.

6.     The parties' counsel may designate as confidential any portion of the transcript of any deposition at which a Confidential Document was marked as an exhibit or discussed. Such designation shall be given orally upon the record during the course of the deposition and must be memorialized in a writing served upon the other party's counsel. When such a designation is made, the entire deposition shall be treated as confidential, pending transcription of the

deposition and signing by the deponent. Thereafter, the parties' counsel shall designate on the transcribed deposition the portion or portions, which involve the Confidential Documents and which shall be treated as confidential within 21 days of receiving same. The parties' counsel shall communicate, in writing, the designations to the other party's counsel. If no designations are made within the 21-day timeframe, the testimony and transcript will no longer be considered CONFIDENTIAL. Any party shall retain the right to challenge the designation of any part of a deposition transcript as confidential.

7.      This Protective Order preserves the parties' ability to designate information as CONFIDENTIAL after a production or disclosure of the information has been made. If timely corrected, a failure to designate information as CONFIDENTIAL does not, standing alone, waive the producing party's right to secure protection under this Protective Order for such information. In the event of a production or disclosure of such information, the producing or disclosing party shall notify the receiving party of the designation of material as CONFIDENTIAL, and the receiving party shall thereafter treat such information as designated subject to the Protective Order, without waiving any right to challenge the designation of such material.

8.      Neither party will be obligated to challenge the propriety of a confidential designation at the time made, and a failure to do so will not preclude a subsequent challenge thereto. A failure of either party to challenge a party's designation of a document or information as CONFIDENTIAL will not prejudice any party or person and will not constitute an agreement or admission that the designation is valid by reason of such failure to object. In the event, at any stage of the proceedings, any party to this action disagrees with the designation of any information as CONFIDENTIAL, the parties shall first try to resolve such dispute in good faith on an informal basis. If the dispute cannot be resolved informally, the party claiming the confidentiality designation may apply for appropriate relief to this Court within 7 days of the other party's final confirmation in writing that an informal resolution is not possible. The party seeking confidentiality of the information shall have the burden of establishing that the information is entitled to confidential treatment as defined in Paragraph 1 herein. In the absence of applying for appropriate relief within the 7-day timeframe, the challenged information will no longer be considered CONFIDENTIAL.

9.      Notwithstanding any other provisions of this Protective Order: (a) nothing herein shall prevent disclosure if the party designating the information as "CONFIDENTIAL" expressly consents to such disclosure, either in writing or in the record of any proceeding in this case, or if the Court enters an order requiring or permitting the disclosure after notice to both parties; (b) any party may use or disclose its own Confidential Documents without limitation; and (c) any party may use or disclose information without limitation that: (1) was publicly available at any time or has become publicly available since being designated "CONFIDENTIAL"; (2) was previously in its possession before the entry of the Protective Order; (3) was obtained by any source outside of formal discovery in connection with this case; or (4) was obtained by any source that is not subject to the Protective Order.

10.     Notwithstanding any other provision of this Order, the production of documents by any party will not operate as a waiver of any common law or statutory privilege, protection, or immunity applicable to those documents, including, but not limited to any attorney-client privilege, work product protection, joint or common interest doctrine, information that is subject to protection as trial preparation material, or that is protected from discovery by any other applicable privilege, protection, immunity, law, or rules (collectively "Privileges"). If a Party discloses, produces, or makes available for inspection and copying information subject to any Privilege ("Disclosed Privileged Information"), such disclosure shall not constitute or be deemed a waiver or forfeiture of any claim of such Privilege applicable to such Disclosed Privileged Information or any related subject matter, in this litigation or in any other court, administrative action, investigation, or legal proceeding.

11.     Any Party who realizes that it, he, or she has produced or received Disclosed Privileged Information, as soon as practicable, shall (i) notify, in writing, all other Parties and/or other persons producing or receiving such information that disclosure was made, (ii) identify the document(s) disclosed, (iii) make reasonable efforts to retrieve all copies of and prevent further disclosure of the Disclosed Privileged Information, and (iv) refrain from using or further disclosing the Disclosed Privileged Information (including, but not limited to, using the information in depositions or a trial). Any person or entity receiving notice that Disclosed Privileged Information has been produced shall, within five (5) business days, return, destroy, sequester or delete all copies of the Disclosed Privileged Information, as well as any abstracts, charts, memoranda, notes, summaries, compilations, or indices of same, and provide a

5

representation of counsel that all such information has been returned, destroyed, sequestered or deleted. To the extent the claim of Privilege is disputed, the Parties shall meet and confer to resolve any such dispute, and in the event such dispute cannot be resolved, the Party receiving such information may promptly present the information to the Court, filed as Level 1 Restricted, pursuant to the Local Rules of this Court, and seek such further relief from the Court regarding the claim of Privilege. The Party claiming the Privilege shall preserve the Disclosed Privileged Information until the claim of Privilege is resolved either by agreement of the Parties or by the Court.

12.     Within sixty (60) days following the conclusion of this action, including any and all appeals, all Confidential Documents, and all copies thereof (hard copy or electronic), shall be either: 1) returned to the other party's counsel; or 2) destroyed, at the option of the receiving party, except that any documents or copies which contain or constitute, or which reflect, attorney work product or attorney-client privileged communications may be retained by counsel. If requested, a party's counsel shall provide the other party's counsel with an affidavit stating that such Confidential Documents have been returned or destroyed.

13.     Any confidential designation made in any manner provided herein shall constitute a representation by counsel to the Court that the designation is made in good faith and in the belief that the material so designated constitutes confidential material.

14.     In the event a party receives a request to disclose or produce all or any part of the Confidential Documents pursuant to a subpoena or Order issued by a Court or governmental body, the parties hereby agree to immediately notify the other parties' counsel of the request or order. The party who designated the documents as "CONFIDENTIAL" may, in its discretion, contest the subpoena or Order, and said party shall be responsible for all costs associated therewith. The party receiving the subpoena or Order shall be under no obligation to contest the subpoena or Order, and, notwithstanding any provision herein to the contrary, its disclosure of any Confidential Documents in connection therewith shall not be deemed a violation of this Protective Order.

15.     Should any party interpose an improper challenge or designation of confidentiality under this Order that lacks substantial justification, is interposed for an improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation, or is frivolous and groundless, the Magistrate shall have discretion to award the non-designating

party its attorneys' fees and court costs incurred in connection with contesting the designation of said information.

16.     Nothing in this Protective Order limits any of the parties from applying to the Court for modification of, or relief from, this Protective Order, or for such further or additional protective orders as the Court may deem appropriate. The procedures established by this Protective Order are intended to be cumulative and in addition to any party's right to seek further or different protection from the Court regarding issues addressed herein.

        IT IS SO ORDERED.

        DATED this 16th day of June, 2014.


                                        BY THE COURT:

                                        _____
                                        Kathleen M. Tafoya
                                        United States Magistrate Judge



Respectfully submitted, June 13, 2014


**Berg Hill Greenleaf & Ruscitti LLP**              **Stinson Leonard Street LLP**


*/s/ Mark D. Changaris*                             */s/ Reid A. Page*
Mark D. Changaris                                   Reid A. Page (Atty Reg. No. 37722)
Berg Hill Greenleaf & Ruscitti LLP                 Stinson Leonard Street LLP
1712 Pearl                                          6400 S. Fiddlers Green Circle, Suite 1900
Boulder, CO 80302                                   Greenwood Village, CO 80111

Attorney for Plaintiff                              Attorney for Defendant